UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| Ethan Jarman<br><br>　　Plaintiff,<br><br>v.<br><br>Columbia Debt Recovery, LLC<br><br>　　Defendant. | Case No. 5:24-cv-00207-OLG<br><br>**DEFENDANT COLUMBIA DEBT RECOVERY, LLC'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

## MOTION TO SET ASIDE ENTRY OF DEFAULT

### Relief Sought

Defendant Columbia Debt Recovery, LLC herby moves the Court for an Order granting relief from the default entered against Defendant on or about August 30, 2024, pursuant to Fed. R. Civ. P. 55(c), and that Defendant may file the proposed Answer submitted herewith.

### Grounds for Relief

Good cause, within the meaning of Rule 55(c), exists for setting aside the default in this action because, as is more fully shown in the supporting Memorandum of Points and Authorities below, and the Declaration of Mark Case, incorporated herein and marked as Exhibit 1.:

1.　　　The failure to respond within the time allotted was understandable and within the meaning of excusable neglect;

2.      It would be an injustice not to set aside the default under the circumstances of this case because Defendant has a valid defense to the claim asserted, as shown in the proposed Answer attached to this Motion; and

3.      Plaintiff Ethan Jarman will not be prejudiced by the granting of relief because Defendant has moved promptly to have the default set aside.

### Supporting Papers

This Motion is based on this document, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Mark Case, the proposed Answer attached to this Motion, on all of the pleadings and papers on file in this action, and on whatever evidence and argument is presented at a hearing on this Motion, if any.

### Pre-Filing Conference

Prior to the filing of this Motion, on September 12, 2024, Defendant and its national outside counsel made several good-faith attempts to resolve this matter informally, and asked counsel for Plaintiff to stipulate to set aside the default and/or whether the instant Motion could be filed as unopposed.  Counsel for Plaintiff has not responded to these requests.  Declaration of Mark Case, ¶¶ 6-15.

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### Introduction

Defendant failed to file a timely Answer to Plaintiff's Complaint due to mistake, inadvertence, surprise, or excusable neglect.  In addition, relief from default will not cause any prejudice to Plaintiff, and Defendant believes it has meritorious defenses to his claims.  Defendant

asked Plaintiff to stipulate to set aside the default, but Plaintiff has not responded.  Furthermore, the law favors resolution of cases on the merits.  Defendant respectfully requests that this Motion be granted, and that Defendant be permitted to file the proposed Answer submitted herewith.

### Background

The Complaint was filed by Plaintiff on or about February 25, 2024.  ECF No. 1.

Plaintiff claims to have served the Complaint on Defendant's agent for service of process, Corporation Service Company ("CSC") on or about March 27, 2024.  ECF No. 4-2.

However, Defendant has no record of receiving the Complaint at or near that time, from CSC or any other source.  Declaration of Mark Case, ¶ 4.

The Clerk entered default against Defendant on August 30, 2024.  ECF No. 5.

The first time Defendant became aware of this lawsuit was on September 4, 2024, when Defendant was alerted to Plaintiff's default filing.  Declaration of Mark Case, ¶ 5.

Defendant's general counsel immediately e-mailed Plaintiff's counsel and advised him, in pertinent part, as follows: "I was just alerted to your default filing from a complaint served in February.  I do not have record of receiving the complaint.  It appears we may have been locked out of CSC at the time and could not access it.  I would kindly ask that you refrain from any default and allow us to look into the matter and hopefully come to a quick resolution."  Declaration of Mark Case, ¶ 6.

Defendant also promptly contacted and retained its national outside counsel for assistance regarding the default.  Declaration of Mark Case, ¶ 7.

Defendant's general counsel, as well as its national outside counsel, made several additional attempts to resolve this matter informally, and asked that Plaintiff stipulate to set aside the default. However, Plaintiff's counsel did not respond to these multiple requests to set aside the default. Declaration of Mark Case, ¶¶ 7-15.

Accordingly, Defendant has retained local counsel in Texas and has filed the instant Motion.

**Argument**

Federal Rule of Civil Procedure 55(c) states that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (quoting *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)).

Defendant's failure to timely respond to the Complaint was not willful, because Defendant did not know about this lawsuit until after the default had already been entered. While Plaintiff may have effectuated service on Defendant's agent for service of process, CSC, on or about March 27, 2024, Defendant was wholly unaware of this at that time. Defendant subsequently discovered that it may have been temporarily locked out of CSC due to inadvertence. This may have resulted in a failure of Defendant to receive notices from CSC for a brief period which coincided with the service of the lawsuit on CSC. Regardless, Defendant did not actually become aware of the lawsuit until September 4, 2024. Declaration of Mark Case, ¶ 16. Thus, because the failure to timely file

{00207884;1}                                                     4

an Answer was not willful, this factor weigh in favor of setting aside the entry of default. *Gamez v. Hosp. Klean of Tex., Inc.*, 2013 U.S. Dist. LEXIS 35608, *5 (W.D. Tex. Mar. 14, 2013).

With respect to prejudice factor, the Fifth Circuit has held: "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case . . . Thus, mere delay does not alone constitute prejudice.  Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000).  No prejudice will be sustained by Plaintiff if the default is set aside.  The default was entered on August 30, 2024; Defendant discovered this lawsuit on September 4, 2024; and this Motion followed almost immediately.  Thus, the lack of prejudice to Plaintiff also favors an Order setting aside the default.

Furthermore, Defendant has meritorious defenses to Plaintiff's claims.  Plaintiff's Complaint asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  The stated factual basis of these claims is twofold, namely, (a) that Defendant allegedly failed to provide Plaintiff with certain disclosures required by the FDCPA, and (b) that Defendant allegedly failed to cease its collection efforts after Plaintiff told Defendant to stop.  ECF No. 1, ¶¶ 7-13.  Defendant reasonably believes that Plaintiff cannot prove these claims.  However, even if Plaintiff's alleged facts are assumed to be true, the FDCPA contains a provision which preclude liability due to Defendant's maintenance of reasonable procedures designed to avoid the type of errors Plaintiff complains about.  In this regard, the FDCPA provides: "A debt collector may not be held liable in any action brought under this title [15 USCS §§ 1692 et seq.] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted

from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." (15 U.S.C. § 1692k(c).)

Here, Defendant maintains procedures designed to ensure that every debtor receives the disclosures Plaintiff claims he did not receive.  Declaration of Mark Case, ¶ 17.  Defendant also maintains procedures to stop its collection efforts if so instructed by a debtor.  *Id.*  To the extent Defendant failed to adhere to these procedures, it was not intentional and resulted from a bona fide error.  *Id.*  Consequently, Defendant has a meritorious defense to Plaintiff's claims, even if it is assumed that Plaintiff can establish that a violation of the FDCPA occurred.

The foregoing showing of a meritorious defense is sufficient.  On a Motion to Set Aside a Default, the moving party need not establish the defense with certainty.  In determining whether a meritorious defense exists, "the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  *Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 373 (5th Cir. 2008).  Defendant clearly has a potential bona fide error defense, and there is a significant possibility that the outcome after trial will not mirror a default judgment.

It is also important to note that in the Fifth Circuit, "courts universally favor trial on the merits."  *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).  Default judgments are "generally disfavored in the law."  *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).  "Thus, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

{00207884;1}

These principles mandate that the default entered against Defendant on August 30, 2024, be vacated.

## Conclusion

Defendant respectfully requests that this Motion be granted, and that Defendant be permitted to file the proposed Answer submitted herewith.

Respectfully submitted,

**LAW OFFICES OF KEITH WIER, PLLC.**

**/s/ Keith Wier**
Keith Wier
State Bar No. 21436100
Fed ID: 7930
15150 Preston Road, Suite 300
Dallas, Texas 75248
Phone: (214) 540-6690
Email: kwier@keithwierlaw.com
**ATTORNEY FOR DEFENDANT**
**COLUMBIA DEBT RECOVERY, LLC**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the below counsel of record through email and/or the cm/ecf filing system on this 23rd day of September 2024.

**Daniel Zemel, Esq.**
**Zemel Law LLC**
**660 Broadway**
**Paterson, NJ 07514**
**862-227-3106**
**973-282-8603 (fax)**
**dz@zemellawllc.com**

**/s/ Keith Wier**
Keith Wier

{00207884;1}                                            7