# EXHIBIT 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| Ethan Jarman<br><br>        Plaintiff,<br><br>v.<br><br>Columbia Debt Recovery, LLC<br><br>        Defendant. | Case No. 5:24-cv-00207-OLG<br><br>**DECLARATION OF MARK CASE IN SUPPORT OF DEFENDANT COLUMBIA DEBT RECOVERY, LLC'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

### DECLARATION OF MARK CASE

I, Mark Case, declare as follows:

1.      I am, and was at all times relevant to this case, the General Counsel for Defendant Columbia Debt Recovery, LLC. As such, I am qualified and authorized to submit this Declaration on Defendant's behalf. I submit this declaration in support of Defendant's Motion to Set Aside Entry of Default. I have personal knowledge of the facts set forth herein or have gained knowledge of them from records maintained by Defendant in the regular course of business. If called upon to testify as to the matters set forth in this declaration, I could and would competently do so.

2.      Defendant is a third-party collection agency. Defendant's agent for service of process is Corporation Service Company ("CSC").

3.      As General Counsel for Defendant, I am the person who receives notifications from CSC regarding lawsuits or other legal papers served on CSC on Defendant's behalf.

4.      I understand that Plaintiff filed this lawsuit on or about February 25, 2024, and that Plaintiff claims to have served the Complaint on CSC on or about March 27, 2024. However, I have no record of receiving the Complaint at or near that time, from CSC or any other source.

5.      The first time I became aware of this lawsuit was on September 4, 2024, when I was alerted to Plaintiff's default filing.

6.      I immediately e-mailed Plaintiff's counsel on September 4, 2024, and advised him, in pertinent part, as follows: "I was just alerted to your default filing from a complaint served in February. I do not have record of receiving the complaint. It appears we may have been locked out of CSC at the time and could not access it. I would kindly ask that you refrain from any default and allow us to look into the matter and hopefully come to a quick resolution."

7.      I then promptly contacted and retained Defendant's national outside counsel, David Kaminski with Carlson & Messer LLP, for assistance regarding the default. On September 6, 2024 Mr. Kaminski wrote to Plaintiff's Counsel and stated, "Can you please call me on this matter as soon as possible. Thank you."

8.      On September 11, 2024, Mr. Zemel responded and referred to a case having nothing to do with Columbia.

9.      On September 11, 2024, I wrote to Mr. Zemel and Mr. Kaminski instructing Mr. Kaminski to seek to set aside the Request for Default.

10.     On September 11, 2024, Mr. Kaminski also wrote to Mr. Zemel asking for 5 minutes of his time to speak.

{00207905;1}                                   2

11.     On September 11, 2024, Mr. Kaminski again wrote to Mr. Zemel and asked him to please agree to stipulate to withdraw the Default.

12.     On September 12, 2024, Mr. Kaminski made a good-faith attempt to resolve this matter and again asked counsel for Plaintiff to stipulate to set aside the default, noting that they "have always worked things out".

13.     On September 15, 2024, Mr. Kaminski attached a draft unopposed motion to set aside the default and asked Counsel for plaintiff to agree to allow it to be filed by Columbia's local Texas counsel.  There was no response from Mr. Zemel.

14.     On September 19, 2024, Mr. Kaminski again wrote to Mr. Zemel reiterating the same request as in the September 15, 2024 email to agree to approve a draft unopposed motion to set aside the Default to be filed by Texas local counsel.

15.     Mr. Zemel did not respond to the requests to set aside the default.

16.     As explained above, I and Defendant did not know about this lawsuit until after the default had already been entered.  While Plaintiff may have effectuated service on Defendant's agent for service of process, CSC, on or about March 27, 2024, I and Defendant were wholly unaware of this at that time.  I subsequently discovered that we may have been temporarily locked out of CSC due to inadvertence.  This may have resulted in me not receiving notices from CSC for a brief period which coincided with the service of Plaintiff's lawsuit on CSC.  Regardless, I and Defendant did not actually become aware of this lawsuit until September 4, 2024.

17.     The Complaint filed by Plaintiff asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  The stated factual basis of these claims is twofold, namely, (a) that Defendant allegedly failed to provide Plaintiff with certain disclosures

required by the FDCPA, and (b) that Defendant allegedly failed to cease its collection efforts after Plaintiff told Defendant to stop. ECF No. 1, ¶¶ 7-13. While I have not yet had an opportunity to fully investigate and evaluate Plaintiff's claims, I reasonably believe that Plaintiff cannot prove them. However, even if Plaintiff's alleged facts are assumed to be true, Defendant maintains reasonable procedures designed to avoid the type of errors Plaintiff complains about. For example, Defendant maintains procedures designed to ensure that every debtor receives the disclosures under 15 U.S.C. § 1692g Plaintiff claims he did not receive. Defendant also maintains procedures to stop its collection efforts if so instructed by a debtor. To the extent Defendant failed to adhere to these procedures with respect to Plaintiff's debt, it was not intentional and resulted from a bona fide error.

18.     Had I and Defendant known about this lawsuit earlier, I would have ensured that an Answer was filed in a timely manner. I respectfully ask the Court to grant Defendant's Motion, so that Defendant can file an Answer, and this case can be adjudicated on its merits. A proposed Answer is submitted with Defendant's Motion papers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23th day of September 2024, at Everett, Washington.

Mark Case
General Counsel
Columbia Debt Recovery, LLC